UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JAMES CLARK

v. CA. No. 03-609-T

UNITED STATES

**MEMORANDUM AND ORDER**

Ernest C. Torres, Chief United States District Judge

James Clark has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He, also, has filed a Motion to Supplement his § 2255 motion by adding two more claims. For the reasons hereinafter stated both motions are denied.

**Facts and Background**

Clark pled guilty to four counts of knowing and intentional distribution of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). The Plea Agreement provided in part as follows:

> 3. Defendant agrees that the substance involved in this case is cocaine base in the form known as "crack" cocaine and agrees that the total weight of the cocaine base in the form of "crack" cocaine is 107.5 grams. Defendant further agrees that the government could provide these facts beyond a reasonable doubt.

Plea Agreement at ¶ 3.

At his change of plea hearing Clark questioned whether the substance in question was "crack cocaine" because the Government's lab tests merely described it as "cocaine base." See Transcript of Change of Plea Hearing Conducted on January 14, 2002 ("Plea

Tr.") at 7-10. This Court explained that crack is a form of cocaine base, how the two forms differ, and that if Clark did not agree that the substance he distributed was crack, he should not plead guilty. Id. at 8-14. The Court then recessed the hearing to permit Clark to consult with his attorneys.

When the hearing resumed, Clark agreed that the substance he had distributed was "crack cocaine" and he pled guilty to the charges against him. Id. at 27. In the course of taking Clark's plea, the Court advised Clark (1) that his precise sentence could not be calculated pending the completion of a presentence report; (2) that the maximum sentence for each offense was 40 years; and (3) that each count also carried a minimum mandatory sentence of five years. Id. at 20-22.

Clark's Guideline range was subsequently calculated to be 188 - 235 months, and he was sentenced to 188 months imprisonment, in part because, pursuant to the plea agreement, the Government recommended a sentence at the low end of the range.

Clark appealed his sentence, claiming that this Court erred in basing his sentence on the Guidelines applicable to crack cocaine. Clark argued that the substance that he pled guilty to distributing was "cocaine base in the form of crack cocaine," not crack cocaine. The Court of Appeals rejected that argument and affirmed Clark's conviction. See United States v. James Clark, Dkt. No. 02-1905 Judgment (1st Cir. May 23, 2003) ("First Circuit Judgment").

In his § 2255 motion Clark claims that his counsel was ineffective in three respects: (1) by failing to require the Government to prove that the substance involved in his prosecution was crack cocaine as opposed to some other form of cocaine base; (2) by failing to object to the Plea Agreement which required Clark to plead guilty to crack cocaine offenses not specified in the indictment; and (3) by failing to object to the Court's recitation of the applicable minimum penalty for his offenses during the change of plea colloquy.

While his § 2255 motion was pending, Clark filed a motion to supplement his original §2255 Petition in order to add two new claims: (1) that the statute under which he was convicted, 21 U.S.C. § 841, is unconstitutional; and (2) that his conviction was the result of selective prosecution.

The Government has objected to both Clark's § 2255 motion and his motion to supplement.

## Analysis

### I. The Ineffective Assistance Standard

Clark's ineffective assistance claims are patently frivolous. The first two claims rest on the erroneous assertion that crack cocaine is not cocaine base. That assertion was rejected both by this Court and the Court of Appeals. In addition, Clark, himself, agreed, both in the plea agreement and during the plea colloquy, that the substance he distributed was crack cocaine.

Clark's assertion that counsel was ineffective in not objecting to the Court's statement that each of the offenses to which Clark pled called for a mandatory minimum of five years imprisonment also is meritless. It rests on the erroneous premise that such statement was incorrect. In fact, it was correct, see 21 U.S.C. § 841(b)(1)(B), and therefore, there was no basis for any objection by counsel.

In any event, even if the mandatory minimum sentence was 10 years, as Clark claims, he was not prejudiced because the Court informed him that he could receive a sentence of up to 40 years and the 188-month sentence imposed was well above 10 years.

II. The Motion to Supplement

Clark seeks to supplement his § 2255 motion by adding claims that: (1) 21 U.S.C. § 841 is unconstitutional absent proof of an interstate nexus in his drug transactions and (2) his conviction was the result of selective prosecution.

Fed. R. Civ. P. 15(b) permits a party "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Neither of the new claims that Clark seeks to assert involves a transaction, occurrence or event taking place after his original § 2255 motion was filed.

Moreover, the proposed supplementary pleading would be futile because the claims that Clark seeks to add lack merit. The

argument that 21 U.S.C. § 841 is unconstitutional, absent proof of interstate activity in a particular case, has been rejected by the First Circuit and by every other court that has addressed the question on the ground that drug trafficking is an interstate activity that may be regulated by Congress. United States v. Lerebours, 87 F.3d 582, 584-85 (1st Cir. 1996), cert. denied 519 U.S. 1060, 117 S.Ct. 694 (1997). See United States v. Bell, 70 F.3d 495, 497 (7th Cir. 1995) and cases cited.

With respect to Clark's second proposed claim, it is well established that a selective prosecution claim not raised either in the criminal prosecution or on direct appeal may not be raised, for the first time, in a § 2255 proceeding. See United States v. Gary, 74 F.3d 304, 313 (1st Cir.), cert. denied 518 U.S. 1026, 116 S.Ct. 2567 (1996).

## Conclusion

For all of the foregoing reasons, Clark's § 2255 motion is denied.

IT IS SO ORDERED:

Ernest C. Torres

Ernest C. Torres
Chief United States District Judge
~~March , 2005~~
11/9/06